RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
REBECCA A. LEVY
Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577
(Fax) 388-6261

Attorneys for Ryan Clifford Thorsen

```
___FILED        ___RECEIVED
___ENTERED      ___SERVED ON
        COUNSEL/PARTIES OF RECORD

             JUN 28 2013

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-cr-00030-GMN-GWF |
| Plaintiff, | **PROPOSED ORDER FOR PSYCHIATRIC EVALUATION** |
| vs. | |
| RYAN CLIFFORD THORSEN, | |
| Defendant. | |

COMES NOW the defendant, RYAN CLIFFORD THORSEN, by and through his counsel of record, Rene L. Valladares, Federal Public Defender, and Rebecca A. Levy, Assistant Federal Public Defender, and hereby submits for this Court's consideration, the Proposed Order for Psychiatric Evaluation for Mr. Thorsen pursuant to Title 18, United States Code, Sections 4241, 4242, and 42 47 and Rule 12.2(c) of the Federal Rules of Criminal Procedure.

DATED this 27th day of June, 2013.

RENE L. VALLADARES
Federal Public Defender

/s/ Rebecca A. Levy

REBECCA A. LEVY
Assistant Federal Public Defender

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN CLIFFORD THORSEN,<br><br>Defendant. | 2:13-cr-00030-GMN-GWF<br><br>**PROPOSED ORDER** |

**IT IS THEREFORE ORDERED** that the defendant to submit to a dual purpose psychiatric examination to determine:

(1) whether the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of consequences of the proceedings against him or to assist properly in his defense; and

(2) whether defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the charged offenses.

**IT IS FURTHER ORDERED** that defendant shall be forthwith transported to the closest Federal Bureau of Prisons (BOP) facility that conducts psychological evaluations for this dual purpose examination.

**IT IS FURTHER ORDERED** that said dual purpose examination shall be in accordance with Title 18, United States Code, Sections 4241, 4242, and 42 47 and Rule 12.2(c) of the Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that defendant shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court up on showing of good cause by the Director of said facility or pursuant to other appropriate motion for a period of time up to 30 days.

**IT IS FURTHER ORDERED** that within 45 days from the date of entry of the Order, the Director of said facility at which the examination has been conducted, shall prepare, or

cause to be prepared, a psychiatric or psychological report of the defendant, and that the Director shall send copies of such psychiatric or psychological report to the Clerk of the United States Court for the District of Nevada, to Phillip Smith, Assistant United States Attorney, and Rebecca Levy, counsel for defendant Mr. Thorsen.

**IT IS FURTHER ORDERED** that following the defendant's examination, he shall be forthwith transported back to the District of Nevada.

**IT IS FURTHER ORDERED** that said examination shall be in accordance with 18 U.S.C. §§ 4241, 4242 and 4247.

**IT IS FURTHER ORDERED** that the said report prepared pursuant to this Order shall include:

(1) Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological or medical tests that were employed and their findings;

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis, prognosis, and whether the defendant is competent to stand trial, the test of which is whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

(5) The examiner's opinions as to diagnosis and whether the defendant was insane at the time of the offense charged, the test is whether, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a), 4241(a) and 4247(c)).

DATED this 28th day of June, 2013.

UNITED STATES DISTRICT JUDGE

3